## In the Matter of the Estate of IRVING I. BLOOMINGDALE, Deceased.

Surrogate's Court, New York County, May 5, 1937.

*Max D. Steuer*, for Rosalie B. Bloomingdale, beneficiary.

*Joseph F. Moss*, special guardian for Donald Bloomingdale.

*Alex J. Lindsay* and *Richmond J. Reese* [*Richmond J. Reese*, coexecutor], for the executors.

*Arthur T. O'Leary*, for Geanne Hughes Bloomingdale, executrix.

FOLEY, S. Questions regarding the allowance of commissions have arisen upon the settlement of the decree in this accounting proceeding.

(1) The executors claim commissions on moneys paid out for commissions awarded to them on the first intermediate accounting. The objectants oppose the allowance of such commissions. They rely upon the authority of *Matter of Corning* (160 Misc. 434), where the trustees were held not to be entitled to commissions for paying out of themselves receiving commissions. I am not in accord with the decision of the surrogate in that case. In my opinion, the " paying out " by the executors to themselves of a sum of money for commissions is clearly such a " paying out " under the statute (Surr. Ct. Act, § 285) as entitles them to commissions upon the amount so paid out as commissions. In *Matter of Corning (supra)* the surrogate remarked: " It is strange that there is a dearth of authority upon this question." The answer to that statement, however, is evident, for the wording of the statute is so plain that an interpretation thereof never seems to have been necessary. The statute provides that the representatives of an estate are entitled to commissions " for receiving and paying out *all* sums of money." (Italics mine.)

If, for example, executors receive as assets of an estate the sum of $100,000 and pay out the total amount so received, they would be entitled under the statute to one-half commissions for receiving $100,000 and one-half commissions for paying out $100,000, although the amount paid to themselves as commissions is included within the sum of $100,000 paid out. If they receive $100,000 and pay out only a portion thereof, say $50,000, they would be entitled, upon the settlement of a decree in a subsequent accounting, to commissions upon the amount paid out to themselves as commissions for receiving $100,000 and paying out $50,000, since the amount of the commissions then allowed to them would be payable out of the $50,000 remaining in their hands. Upon the paying out of the balance of the $50,000, they would be entitled to commissions for paying out such balance. In no event would they receive more than the statutory commissions allowed for receiving $100,000 and paying out $100,000.

Commissions will, therefore, be allowed to the executors for paying out to themselves the amount awarded to them as commissions upon principal under the decree judicially settling the first intermediate accounting.

(2) In the exercise of the discretion of the surrogate and as a matter of law, the same commissions will be allowed to the executrix,

Mrs. Geanne Hughes Bloomingdale, for the services found by the referee to have been performed by her in the course of the administration of the estate, as are allowed to her coexecutor.

Insert appropriate amounts in the decree and resubmit the same for signature.